PINKALKUMAR PATEL,
　　　　Petitioner,

v.

CHRISTOPHER BULLOCK et al.,
　　　　Respondents.

Case No. 3:26-cv-00723

Judge Aleta A. Trauger
Magistrate Judge Luke A. Evans

## MEMORANDUM ORDER

On May 29, 2026, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Among other points raised in the petition, petitioner asserts that venue is proper in this District under *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), because he lived here before his arrest, he would still be here except for his arrest, and his legal counsel is located here. (Doc. No. 1 at 5.) Respondents disagree and have requested dismissal of the petition or, alternatively, transfer to the Western District of Louisiana under 28 U.S.C. § 2241(b) and *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). In support of dismissal or transfer, respondents assert that petitioner has been in continuous physical custody in the Western District of Louisiana since April 28, 2026. (Doc. No. 12 at 1.)

The Court agrees with respondents that *Rumsfeld* settles the issue of venue for this case. Courts can issue writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443. Petitioner relies heavily on *Braden* to establish venue here (Doc. No. 1 at 5; Doc. No. 16 at 4), but the Supreme Court in *Rumsfeld* discussed and distinguished *Braden* and *Strait v. Laird*, 406 U.S. 341 (1972), extensively and rejected "the

proposition that jurisdiction will lie in any district in which the respondent is amenable to service of process." 542 U.S. at 443. In those cases, "habeas jurisdiction require[d] only that the court issuing the writ have jurisdiction over the custodian," *id.* at 444 (internal quotation marks and citation omitted), because those cases did not involve challenges to present physical custody. *Braden* was a challenge to future custody based on a detainer; *Strait* involved an inactive reservist challenging certain military obligations. No unusual circumstances such as in *Braden*, *Strait*, and other cases distinguished by *Rumsfeld* are present here:

> In habeas challenges to present physical confinement, by contrast, the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district.

*Rumsfeld*, 542 U.S. at 444. That respondent Bullock might also have administrative responsibilities in Tennessee (Doc. No. 16 at 3) does not make him the immediate custodian in Tennessee. Petitioner has been in Louisiana since before the filing of the petition, *see Larsen v. Wellness Path Med.*, No. 3:23-CV-01155, 2023 WL 7545035, at *1 (M.D. Tenn. Nov. 13, 2023) (citing *Rumsfeld* and finding that only the district of confinement has jurisdiction); and respondent Bullock is the immediate custodian in Louisiana. "*Braden* in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." *Rumsfeld*, 542 U.S. at 445. A transfer of this case to the Western District of Louisiana thus is appropriate.

Recent immigration habeas cases filed in this District, some of which petitioner has cited, have been adjudicated consistently with *Rumsfeld*. According to the District's CM/ECF system, the following immigration habeas cases have been filed here since January 1, 2026 under nature of suit code 463 and involved physical detention:

| Case Number | Case Name | Physical Custody in this District? |
|---|---|---|
| 2:26-cv-00008 | *Flores-Rivera v. Ladwig* | Yes (Doc. No. 1 at 2) |
| 3:26-cv-00077 | *Ward v. ICE* | Yes (Doc. No. 1 at 1) |
| 3:26-cv-00401 | *Khazanov v. Bullock* | Yes (Doc. No. 1 at 3) |
| 3:26-cv-00612 | *Tejada-Perez v. Bullock* | Yes (Doc. No. 1 at 2) |
| 3:26-cv-00692 | *Guerrero Quintero v. Bullock* | Yes (Doc. No. 1 at 2) |
| 3:26-cv-00708 | *Sanchez-Cruz v. Bullock* | Yes (Doc. No. 1 at 4) |

In all six of the above cases, the petitioner was physically detained in this District at least when the petition was filed. The cases proceeded to adjudication on the merits because *Rumsfeld* was not implicated and venue was proper. These other cases, therefore, do not help petitioner on the issue of setting venue in the district of confinement.

In concluding that venue is improper in this District, the Court has been mindful of the issue of implicit overruling. Approximately a year before *Rumsfeld* issued, the Sixth Circuit relied on *Braden* and its progeny to hold that an immigration regional director "has power over" immigration petitioners sufficient to satisfy the custody requirement. *Roman v. Ashcroft*, 340 F.3d 314, 321 (6th Cir. 2003). Petitioner has cited to *Roman* among other cases. The Sixth Circuit in *Roman* remanded to the District Court for a determination of whether the immigration commissioner or regional director were proper respondents for the habeas proceeding challenging a removal order. The decision to remand suggested that venue could be proper other than in the district of confinement as long as the respondents were "able to be reached by service of process." 340 F.3d at 321 (citation omitted). That possibility was foreclosed by *Rumsfeld* a year later.

The Court "must be extremely careful in concluding that circuit precedent is no longer good law, and should only deviate from such authority where it is powerfully convinced that the

circuit will overrule itself at the next available opportunity." *Keira M. v. Quin*, No. 3:25-CV-00566, 2026 WL 937311, at *29 (M.D. Tenn. Apr. 7, 2026) (internal quotation marks and citations omitted); *see also United States v. Wehunt*, 230 F. Supp. 3d 838, 846 (E.D. Tenn. 2017) (a district court "should only deviate from such [circuit] authority where it is powerfully convinced that the circuit will overrule itself at the next available opportunity") (internal quotation marks and citation omitted). The Sixth Circuit appears not to have had occasion to revisit *Roman* explicitly following *Rumsfeld*, but given the analysis in *Rumsfeld*, the Court "has an obligation to follow the Supreme Court where an intervening decision of that Court directly reverses an opinion of the Sixth Circuit or implicitly reverses same through a case with indistinguishable facts." *Wehunt*, 230 F. Supp. 3d at 846 (citation omitted). That obligation is present here.

### Conclusion

For all the foregoing reasons, the Court ORDERS that this case be transferred to the Western District of Louisiana for further proceedings in that district, pursuant to 28 U.S.C. § 1406(a).

Because the order of transfer is a non-dispositive order from a Magistrate Judge,[1] the transfer is stayed for 14 days after the date of entry of this order, should petitioner choose to seek review from Judge Trauger under 28 U.S.C. § 636(b)(1)(A) and Federal Civil Rule 72(a).

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

---

[1] *See, e.g., Sawyer v. Guerrero*, No. 2:26-CV-00027, 2026 WL 206313 (S.D. Tex. Jan. 27, 2026); *Brown v. Finley*, No. CV419-191, 2019 WL 4309016, at *1 (S.D. Ga. Sept. 11, 2019).

4